(Clark Co. O., Probate Court.)
June, 1892.

E. H. KIEFER ET AL v. THE BOARD OF COUNTY COMMISSIONERS OF CLARK COUNTY, ET AL.

*Ditch appeal—Motion to dismiss—*

1. Neither  party appearing on the day a cause  is  set for hearing, the court may, of its own motion, continue such cause indefinitely.

2. The following is an indefinite continuance :  "By agreement of all parties, the preliminary hearing in this cause is continued to  the — day  of —— A. D., 189—."
And may, on proper notice of the opposite party, be called up at any time for the purpose of fixing a definite time of trial etc.

ROCKEL, J.

The facts in this case are as follows:— Some time in the year 1890, Martin Leffel filed his petition with the commissioners of Clark county, praying for the establishment of a county ditch.  The commissioners found in favor of the ditch and made an order establishing it.  From  this order, and also from the question of compensation and damages, the plaintiff gave notice of appeal to the probate court and  filed the proper and necessary bond.

The auditor, thereupon, made a transcript of the proceedings and filed the same with the probate judge, as required by law, on Sept. 20th, 1890.

The probate judge fixed Sept. 5th, at 9 A. M., 1890, as the time for the hearing of all preliminary questions as directed by section 4464.  On Sept. 25th, at 9 A. M., the judge called the case, but none of the parties appeared.   The judge,  then,  of his own motion, caused  the  following  entry  to be placed upon the record :  "By agreement of parties the preliminary hearing in this cause is continued to the — day of —— A. D., 1890, at 9 o'clock A.  M." Nothing whatever  has been done in the case  to the present time.  The defendants now move the court to dismiss the appeal on the following grounds :—

1. The time within which the preliminary questions in this cause should have been determined, and also the time within' which the jury should have been selected, and this cause finally determined, has long since elapsed, by reason whereof this court has lost jurisdiction to proceed farther  at this day in said cause.

2. That the entry placed upon the journal of this court, continuing the preliminary hearing to the — day of —— 1890, by consent of parties, is not correct, but on the contrary, there was no consent to such continuance by the appellors, and said entry was placed upon the journal in the absence of the appellors by the judge of said court, of  his own motion, and  without their con·sent.

3. That the year 1890 has long  since ex-

pired by reason whereof this case should be dismissed. This court having lost jurisdiction to proceed further therein.

This motion is resisted by plaintiffs, who say the appeal is perfected, and they are now, and have always been, ready to proceed with the case. The questions presented by this motion are certainly novel, and we are left without judicial aid in their determination.

Section 4464 R. S. provides "The Probate Judge shall file the transcript and the original papers, and docket the case, and the appellant shall be the plaintiff therein, and the county commissioners and petitioner defendants, and the case shall be so styled, and thereupon he shall fix a day, not exceeding five days thereafter for the hearing of all preliminary motions, and the examination of the papers so filed. ' So far as appears, this part of the law has been properly complied with, the case being properly docketed, and a day set within five days from the time of the filing of the transcript for the hearing of all preliminary questions &c. This much is regular and need no further consideration.

The section continues on "On the day so filed, all preliminary motions shall be heard and determined, as well as all questions arising upon the record, and if he finds that the proceedings are irregular in substance, or that the appeal has not been perfected according to law, he shall dismiss the appeal at the cost of the appellant, and certify such dismissal, with his findings thereon, back to the commissioners; but the judge may, in his discretion, order and allow the correction of any technical defect, error or omission in such proceedings."

The questions made by the motion, and which have been argued by the court, are: Did the court have the authority to make the entry it did, and if so, are the plaintiffs, by their failure to be present at that time, or to call up the case in the year 1890, estopped as a matter of right from proceeding further in the appeal?

There is a grave question whether the records of the court can be impeached or altered in this kind of a proceeding at all. The probate court is a court of record, and the same rules apply as to the records of the court of common pleas. And in reference to the records of the court of common pleas in Johnson v. The State, 42, Ohio St.,207, it was held that "The court of common pleas being a tribunal of superior jurisdiction, its records import absolute verity, and where a criminal cause is continued without disclosing the grounds, the court will presume the continuance was upon sufficient ground, in the absence of anything in the record to the contrary."

This was a case much stronger than the one at bar—Section 7311 R. S., provides that where a cause is continued in a criminal prosecution, if the defendant is not brought to trial at the next term of court, he shall be discharged. Yet here there was a continuance for three terms, and then a

conviction which the supreme court refused to set aside or to inquire into the reason of the continuance other than as shown by the record.

But in the case under consideration where a cause is set for trial, and parties do not appear, can it be said that an entry saying that by "agreement of parties this case is continued to ——" is not true. If parties do not appear having notice, is it not fair to presume that they agree to whatever disposition the court in the exercise of a sound discretion, may make of the case?

But it is argued that the statute is mandatory and compels the trial of all the preliminary questions upon a ditch appeal at the time set for trial, within five days from the time the appeal was filed with the probate court; and that any continuance is unwarranted. It is true that the statute says that on the day so fixed, all preliminary questions shall be heard and determined, etc. But this does not mean that for sufficient reason in the court may not continue the cause.

It is an inherent right of courts to determine the order of trials, and to direct the method of their management, which is only surrendered by an express constitutional provision or legislative enactment.

The legislature, no doubt, intended that there should be no unreasonable delay in the ditch proceedings. But who is in a condition to complain? Who ever asked to have this case tried, and was refused? Possibly, on the day set for the preliminary hearing, the judge should ahve proceeded to examine the papers, and if all regular and correct, to have issued a venire for a jury. But the statute says, a day shall be set for hearing. A hearing implies the presence of parties, or at least their right to be present. It was but a proper sourtesy to the attorneys in the case, that the entry was made so as to protect the rights of all parties concerned.

But so in Johnson v. State, the language of the statute was clear and positive, and yet it was held that for sufficient reason the cause could be continued, and this was a criminal case where life and liberty were at stake, and where a much stronger reason could be advanced for a denying of the rights of the court to continue the cause. The court quotes with approval the following from Burgett v. Burgett, 1 Ohio, 479, "It frequently becomes the duty of courts, in order to give effect to the manifest intention of the statute, to restrain, or qualify, or enlarge the ordinary meaning of the words that are used." The rights of no one were infringed by this entry, and the discretion of the judge should remain unquestioned.

But, it is argued that this entry only continued the case to some time in 1890, and that term of the court, and that year having passed by without action, and the plaintiffs having failed to have it then disposed of, the appeal should be dismissed.

It seems to me that the proper effect to be given to this entry is, that of an in-

[COYRIGHT, 1897, BY CARL G. JAHN.]

definite continuance, and that it was not intended to limit it to the year 1890, but to preserve the case upon the docket to be called up any time in the future by some interested party who would have enough interest in the matter to appear in court for that purpose.

It is a serious question whether the statute contemplates a dismissal of the appeal for failure of the plaintiffs to prosecute, after they have taken the proper steps before the commissioners, and have there made a valid appeal If the plaintiff has given notice of appeal and filed a bond, as provided by section 4464, has he not done all that the law requires of him in order to have a jury to pass upon the questions? Only two reasons are given by the statute for which the judge may dismiss an appeal, "if he finds that the proceedings are irregular in substance, or that the appeal has not been perfected according to law, he shall dismiss the appeal."

So far as appears in this cause, neither one of these grounds exists. If the court dismiss the appeal, can it give a reason for such action, which will be warranted by law, creating and conferring jurisdiction on it by the cause?

The only other reasons then those mentioned in the statute, which occur to me that could justify a dismissal, would be a clear, unequivocal abandonment of the case. To dismiss the appeal, would be to deny to plaintiffs the right of a trial by jury upon the appropriation of their property for public purpose. Where a constitutional right is involved, a waiver of that right must be clear, plain and unequivocal before it will be held binding.

The defendants, presumably, are desirous for the improvement, and the plaintiffs opposed. If the defendants have suffered by this delay, they are at fault for not appearing in court and asking action. The plaintiffs having perfected their appeal, could have done no more, and nothing remained for them to do until a jury was called, unless the defendants made some question as to the regularity of the appeal when it would have been proper for them to have defended their appeal.

It, therefore, does not appear to me that the law warrants a dismissal of this appeal for the reasons stated in the motion, and the same will be overruled.

E. S. Wallace and M. T. Burnham, for plaintiff.

Bowman & Bowman and O. T. Martin, for defendants.